IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN ZAPATA,<br><br>                  Plaintiff,<br><br>vs.<br><br>PETE RICKETTS, Governor of the State of Nebraska; and DOUG PETERSON, Attorney General of the State of Nebraska,<br><br>                  Defendants. | 4:17-CV-3076<br><br>MEMORANDUM AND ORDER |

       The plaintiff, John Zapata, has sued Nebraska Governor Pete Ricketts and Nebraska Attorney General Doug Peterson under 42 U.S.C. § 1983. Filing 1. The defendants move to dismiss the plaintiff's *pro se* complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine (filing 8), and for monetary sanctions under Fed. R. Civ. P. 11 (filing 16). For the reasons discussed below, the defendants' motion to dismiss will be granted, and the motion for sanctions denied.

       This dispute arises from a separate state court action between Zapata and a Nebraska recycling company for an alleged breach of a lease agreement. In that case, Zapata accused the recycling company of abandoning property it had leased from Coljo Investment LLC, resulting in lost rent and property damage. Filing 9-1. Coljo Investment had assigned its claim under the lease agreement to Zapata, who pursued the action *pro se*.

       The state district court dismissed Zapata's complaint in a May 16, 2016 Order, relying in part on Neb. Rev. Stat. § 7-101. *See* filing 9-2. That provision prohibits a *pro se* litigant from "practic[ing] as an attorney or

counselor at law" in any proceeding to which he is not a party. And because Zapata was not a party to the underlying lease agreement, the court determined that he could not proceed on the claim without licensed counsel. Filing 9-2 at 2-3. The court rejected Zapata's argument that he was representing himself through a valid assignment, as opposed to the lessor-LLC as the owner of the property. *See* filing 9-2 at 2. The Nebraska Supreme Court affirmed, holding that "[w]hen an assignee brings suit in his or her own name, the assignee is still bound by the [assignor] business entity's limitation that any legal action arising out of its interests must be represented by counsel." *Zapata v. McHugh*, 893 N.W. 2d 720, 728 (Neb. 2017).

That decision resulted in the underlying complaint, in which Zapata has sued Nebraska's governor and attorney general. Filing 1. As discussed above, Zapata alleges that the Nebraska Supreme Court's decision in *Zapata v. McHugh* violates his constitutional right to self-representation by denying him the opportunity to "defend[] himself in a civil action . . . [regarding] property previously owned by a corporation." Filing 1 at 3. Zapata asks this Court to "reverse the decision of the Nebraska Supreme Court on the basis that [it] violates the constitutional rights of the Plaintiff." Filing 1 at 3.

The defendants characterize Zapata's complaint as an attempt to "invalidate an order of the Nebraska Supreme Court." Filing 9 at 6. So, they argue, the Court lacks jurisdiction over the dispute pursuant to the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). That doctrine holds that federal district courts lack subject matter jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 840 (8th Cir. 2017).

The Court agrees that dismissal is warranted under the *Rooker-Feldman* doctrine. Indeed, this is not a case in which Zapata raises "independent claim[s]" as to avoid jurisdictional impediments, or "targets as unconstitutional" a Nebraska statute as construed by the state's highest court. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Rather, the complaint expressly challenges a Nebraska Supreme Court decision, claiming that it violates the plaintiff's constitutional right to self-representation. Filing 1 at 2-3. In that way, Zapata seeks what is, in substance, federal appellate review of a state court judgment. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). And that, this Court cannot, and will not, do. *Exxon Mobil Corp.*, 544 U.S. at 283. Accordingly, the defendants motion to dismiss (filing 8) will be granted.

The defendants also move for monetary sanctions under Fed. R. Civ. P. 11 (filing 16), noting that they (*i.e.*, the governor and attorney general) "had [no] involvement in the underlying actions or the Nebraska Supreme Court ruling." Filing 17 at 3. To that end, the defendants suggest that Zapata filed his complaint for an improper purpose, such as to harass the defendants or "increase [] the cost of litigation." Filing 17 at 4. But there is no evidence, in the complaint or otherwise, of a bad faith intent on the part of Zapata. And it cannot be said that his understanding (or lack thereof) of complex federal abstention doctrines borders on the frivolous. Accordingly, the defendants' motion for Rule 11 sanctions will be denied.

As a final matter, Zapata requests leave to amend his complaint in the event it is dismissed under Rule 12(b)(1). Filing 21 at 7. But that request does not comply with the local rules, which require the moving party to "file

as an attachment to [a] motion an unsigned copy of the proposed amended pleading." NECivR 15.1(a); *see U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012). Thus, because Zapata has neither filed a motion nor attached a proposed amended pleading, his request to amend his complaint is denied.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 8) is granted.

2. Zapata's complaint is dismissed, and no repleading will be allowed.

3. The defendants' motion for sanctions (filing 16) is denied.

4. A separate judgment will be entered.

Dated this 23rd day of January, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge